**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Steven Riess, | No. CV 09-1760-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Karl Stansel, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. #26) and Defendants' Motion to Dismiss Original Complaint (Doc. #12). On October 22, 2009, this Court screened Plaintiff's Original Complaint (Doc. #1) and ordered two of the six named defendants to file an answer to the eight counts alleged against them. See Doc. #4. The Court dismissed the remaining four defendants. See id. On November 27, 2009, Plaintiff filed a First Amended Complaint.

**1.** **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

. . .

**2.     First Amended Complaint.**

An amended complaint supersedes its original complaint. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d at 567. Thus, Plaintiff's First Amended Complaint supersedes the Original Complaint he filed back in August 2009.[1]

Plaintiff alleges eight causes of action in his First Amended Complaint, which are essentially the same as the eight causes of action alleged in the Original Complaint. Plaintiff, however, presents additional allegations against two of the defendants, Robert Cordero and Keith Acosta, who were dismissed in the prior screening order. The claims against the two defendants who were directed to answer the Original Complaint, Karl Stansel and Niles Behrens, are essentially the same, with one exception.

**a.     Claims Against Stansel and Behrens**

In the prior screening order, the Court determined that in Counts I, II, V and VI, Plaintiff adequately stated a claim for violation of his religious rights under the First Amendment against Defendants Stansel and Behrens. Because the same counts in the First Amended Complaint contain essentially the same allegations against Stansel and Behrens, the Court will again order them to answer these counts.

With respect to Counts III, IV, VII and VIII, the Court previously found that Plaintiff adequately stated a claim for violation of his equal protection rights against Stansel and Behrens. In the First Amended Complaint, however, Count III contains no allegation against Defendant Stansel. Otherwise, the allegations in Counts III, IV, VII and VIII are essentially the same as in the Original Complaint. Accordingly, the Court will order Defendant Behrens to answer the allegations in Counts III, IV, VII and VII, and order Defendant Stansel to answer the allegations in Counts IV, VII and VII.

---

[1] Because the First Amended Complaint supersedes the Original Complaint, Defendants' Motion to Dismiss Original Complaint is unnecessary and will be denied as moot.

- 2 -

1         **b.**     **Claims Against Cordero and Acosta**

As in the Original Complaint, Plaintiff alleges in the First Amended Complaint that Cordero and Acosta, his assigned Deportation Officers, failed to take any action when he sought their "assistance in securing [his] religious rights." He contends that when he contacted them after Defendants Stansel and Behrens denied his right to freely exercise his religion and his right to equal protection, they did nothing. In the prior screening order, the Court dismissed Defendants Cordero and Acosta because Plaintiff failed to allege facts showing that either Cordero or Acosta had a duty or the authority to intercede in resolving the alleged denial of Plaintiff's religious rights by prison staff.

Unlike the Original Complaint, Plaintiff now alleges Cordero and Acosta, both employed by Immigration and Customs Enforcement ("ICE"), had a duty to immediately report any allegations of misconduct to their supervisor or a higher level ICE official. Doc. #8 at 3-A. Additionally, he alleges that under the National Detention Standards maintained by ICE, a detainee may approach ICE directly with any allegations against the facility staff. Thus, Plaintiff alleges that Cordero and Acosta had a duty to report to higher level ICE officials the failure of Stansel and Behrens, employees of Corrections Corporation of America ("CCA"), to accommodate his religious beliefs.

The Court therefore finds that, based on Plaintiff's additional allegations against Cordero and Acosta, he has stated claims against them for violating his First Amendment right to freely exercise his religion and Fourteenth Amendment right to equal protection. Accordingly, the Court will order Defendant Cordero to answer Counts I through VIII and order Defendant Acosta to answer Counts I, II and IV through VIII (Count III contains no allegation against Acosta).

**3.**     **Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**4.      Address Changes**

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**5.      Copies**

Plaintiff must serve Defendants, or counsel if appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must included a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**6.      No Further Amendments Without Leave of Court**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading "once as a matter of course at any time before a responsive pleading is served...." Because Plaintiff has filed an amended complaint, he may not file another amended complaint without first seeking leave from the Court.

**IT IS THEREFORE ORDERED:**

(1) That Defendants' Motion to Dismiss Original Complaint (Doc. #12) is **denied as moot**;

(2) That Defendants Behrens and Cordero must answer Plaintiff's claims in Counts I through VIII of the First Amended Complaint;

(3) That Defendants Stansel and Acosta must answer Plaintiff's claims in Counts I, II, and IV through VIII of the First Amended Complaint;

(4) That the Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Cordero and Acosta[2];

---

[2] Because Defendants Behrens and Stansel were already served with the Original Complaint and are represented by counsel, Plaintiff shall serve his First Amended Complaint

- 4 -

(5) That Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date this order is filed. The United State Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(6) That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and First Amended Complaint on Defendants Cordero and Acosta within 120 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(I);

(7) That the United States Marshal shall retain the summons, a copy of the First Amended Complaint and a copy of this Order for future use;

(8) That the United States Marshal shall notify Defendants Cordero and Acosta of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshall shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:

> (a) Personally serve copies of the summons, First Amended Complaint and this Order upon Defendants Cordero and Acosta pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
>
> (b) Within 10 days after personal service is effected, file the return of service for Defendants Cordero and Acosta, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, First Amended Complaint, or this

---

on them pursuant to Rule 5(b) of the Federal Rules of Civil Procedure by sending a copy to their attorney, along with a copy of this Order.

Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(9) **That a Defendant who agrees to waive service of the summons and First Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff**;

(10) That Defendants Behrens, Stansel, Cordero and Acosta shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(11) That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike an answer or responsive pleading that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(12) That this matter is again referred to Magistrate Judge Edward C. Voss pursuant to Local Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

Dated this 8th day of April , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge