**WO**                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Steven Reiss, | No. CV 09-1760-PHX-RCB (ECV) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Karl Stansel, et al., | |
| Defendants. | |

Plaintiff Richard Steven Reiss, who is confined in the Maricopa County Jail, filed this *pro se* civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against employees of the Eloy Detention Center (EDC), a private prison facility of Corrections Corporation of America, and officers of the United States Immigration and Customs Enforcement (ICE). (Docs. 1, 8.) Defendants Robert Cordero and Keith Acosta, ICE employees, move to dismiss for failure to serve them as required by the Federal Rules of Civil Procedure. (Doc. 48.) The motion is ready for ruling. (Docs. 55, 58.)

The Court will deny the motion and give Plaintiff additional time to complete service of process. The Court will also direct the United States Attorney to notify the Court that he will accept service with the permission of Cordero and Acosta or to file, under seal, the last known addresses for these Defendants.

///

///

## I. Procedural History

Plaintiff filed this *pro se* civil rights action on August 24, 2009. (Doc. 1.) On October 22, 2009, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and directed certain Defendants to answer but dismissed Cordero and Acosta on the grounds that the Complaint did not state claims against them. (Doc. 4 at 6-7.) Plaintiff then filed a First Amended Complaint on November 27, 2009. (Doc. 8.) The First Amended Complaint was screened on April 9, 2010, and the Court found that it stated claims against Cordero and Acosta; the Court directed Plaintiff to complete and return service packets within 20 days. (Doc. 25.) Plaintiff returned the service packets for Cordero and Acosta, and the U.S. Marshal filed affidavits of service on Corina Price "(Admin Super)" on June 18, 2010, at the address provided by Plaintiff. (Docs. 34, 35.)

On August 18, 2010, Cordero and Acosta filed the pending Motion to Dismiss, asserting that Plaintiff failed to serve them within 120 days as required by Federal Rule of Civil Procedure 4(m). They move to dismiss under Rule 12(b)(5) on the ground that service was insufficient and under Rule 12(b)(2) for lack of personal jurisdiction. (Doc. 48.)

## II. Motion to Dismiss

### A. Legal Standards

The Federal Rules of Civil Procedure provide that a complaint must be served on a defendant within 120 days of filing, and if it is not, a court must dismiss the action without prejudice against that defendant or order service within a specified time. Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

Rule 4(i)(2) provides that:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).

Rule 4(i)(3) states that:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

Under Rule 4(e), service of process can be made in three ways:

> (A) Delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

### B.  Parties' Contentions

#### 1.  Defendants

Defendants assert that Corina Price was not authorized to accept service for either Defendant, and there has been no personal service on these Defendants as required by Rule 4(1). (Doc. 48 at 2.) In addition, there has been no service on the U.S. Attorney as required by Rule 4(i), so that even if Price was authorized to accept service, the service was insufficient. (Id.) Moreover, under Rule 4(i)(3), the waiver of service provisions do not apply to Federal officers sued under Bivens for actions or omissions in connection with their duties. Defendants ask that the action be dismissed without prejudice as to Cordero and Acosta. (Id. at 4.)

#### 2.  Plaintiff

Plaintiff opposes the motion and requests an extension of time to complete service and asks that the Court order Defendants to provide their addresses or the name and address of an agent authorized to accept service. (Doc. 55 at 4.) Plaintiff does not dispute that Cordero and Acosta have not been properly served but claims that he has been attempting to locate

them since last year and has not received cooperation or assistance from ICE. (Id. at 2.) He submits several exhibits showing he requested information from ICE regarding Defendants.

### 3. Reply

Defendants argue that Plaintiff's own Exhibit 1 shows that he was advised by ICE on September 17, 2009, that Cordero no longer worked at the Eloy Detention Center; that he was advised on October 9, 2009, that Acosta no longer worked there; and that he was advised on October 14, 2009, that ICE officers were not allowed to provide information concerning other employees' current employment status with ICE. (Doc. 58 at 1.)

Defendants note that Plaintiff concedes that he was unaware of his need to provide service information and the necessary documents for service on the United States. (Id. at 2.) They argue that although Plaintiff claims to have assumed that the U.S. Marshals Service would execute the process, plaintiffs must first provide the process to be executed. They further argue that although Plaintiff contends that ICE should provide addresses, ICE is not a party and the Court lacks personal jurisdiction to order Defendants to provide their address. And Defendants are not required to appoint someone to receive process. (Id.)

Defendants contend that failing to provide the information necessary for service is not good cause to extend the time for service and that after expiration of the time period, excusable neglect must be demonstrated by a motion and Plaintiff has not filed a motion. (Id.)

### C. Analysis

The Court will deny Defendants' Motion to Dismiss and will construe Plaintiff's request that the Court order service as a request for an extension of time for Plaintiff to complete service.

Federal Rule of Civil Procedure 4(m) provides that even if service is not timely made, the Court must grant an extension if the plaintiff shows good cause for the failure. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing Mann v. Am. Airlines, 324 F.3d 1088, 1090. n. 2 (9th Cir. 2003)). Courts have held that a plaintiff may demonstrate good cause by showing that he made a reasonable and diligent effort to effect service. See Electrical

- 4 -

Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 312 (9th Cir. 1992) (court found diligent attempt at service which precluded Fed. R. Civ. P. 4(j) dismissal where service was attempted soon after a court order ruled a previous attempt ineffective). Rule 4(m) also permits the district court to grant an extension even in the absence of good cause. Efaw, 473 F.3d at 1040; United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004). Courts should give the Rule 4 provisions a liberal and flexible construction. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984). And when determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. Efaw, 473 F.3d at 1041.

Here, the record shows that Plaintiff promptly returned service packets and promptly responded to the Motion to Dismiss and included a request for an extension of time to serve. The Court also finds that Plaintiff, who is *pro se*, promptly pursued his service obligations according to the Order dated April 9, 2009. Unfortunately, that Order did not direct the Clerk of Court to provide a service packet for the United States or order service pursuant to Rule 4(i)(2); it also directed the Clerk to provide requests-for-waiver forms for Defendants. (Doc. 25.) The Court also notes that Defendants do not claim they are prejudiced by the late service.

The Court will grant Plaintiff additional time to complete service. In addition, the Court will direct the United States Attorney to notify the Court within 20 days of this Order whether he will accept service with the permission of Cordero and Acosta or to file, under seal, the last known addresses for these Defendants. If the United States Attorney agrees to accept service, Plaintiff must return the service packets to the Clerk of Court within 21 days of the date of such notification. If the United States Attorney files the last known addresses under seal, Plaintiff must return the service packet for the United States of America and the Clerk of Court will prepare and send to the United States Marshal the service packets for Cordero and Acosta.

. . .

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 48).

(2)  Defendants' Motion to Dismiss (Doc. 48) is **denied**.

(3)  Within 20 days of the date of this Order, the United States Attorney must notify the Court whether he will accept service with the permission of Cordero and Acosta or file, under seal, the last known addresses for these Defendants.

(4)  The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 8), this Order, and summons forms for Defendants Cordero and Acosta, and the United States of America.

**If the United States Attorney agrees to accept service**:

(5)  Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the notification by the United States Attorney.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)  The United States Marshal must send by certified mail a copy of the Summons for each individual Defendant, the Summons for the United States, the First Amended Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

**If the United States Attorney files the last known addresses under seal:**

(7)  Plaintiff must return the service packet for the United States of America within 21 days of the notification by the United States Attorney.  **The Clerk of Court must prepare the service packets for Cordero and Acosta**.  The United States Marshal must:

    (a)    for the individual Defendants Cordero and Acosta, personally serve a copy of the Summons, Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(2) of the Federal Rules of Civil Procedure; and

    (b)    send by certified mail a copy of the Summons for each individual Defendant, the Summons for the United States, the Complaint, and this Order to

(1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(8) If Plaintiff does not complete service of the Summons and First Amended Complaint on a Defendant within 75 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(10) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 10th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge