WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard Steven Reiss,              )
                                   )
                Plaintiff,         )        No. CV 09-1760-PHX-RCB
                                   )
        vs.                        )            O R D E R
                                   )
Karl Stansel, *et al.*,            )
                                   )
                Defendants.        )
_____    )

### *Introduction*

Currently there are three matters pending before the court,
all of which pertain to defendants' recent service upon plaintiff
of supplemental discovery responses.  After defendants filed their
Notices of Service of those responses, plaintiff filed three
separate documents, which he styles as "Response[s] in
Opposition[]" to defendants' various supplemental discovery
responses.  Resps. (Docs. 128; 132 and 134).  In each of these
Responses, plaintiff "requests" court orders "suppressing"
defendants' supplemental discovery responses; and "precluding
[them] from attempting to re-open discovery in this matter."  Resp.

(Doc. 128) at 1; Resps. (Docs. 132 and 134) at 2.  As to
defendants' first filed Notice (Doc. 126), plaintiff also "requests
the Court enjoin Defendants from attempting to submit *any* new or
supplemental discovery that was not disclosed prior to the January
18, 2011 close of discovery."  Reply (Doc. 135) at 2 (emphasis
added).

Given the relief which plaintiff is seeking, the court is
treating his "Responses in Opposition" as motions.  Indeed, at
least with respect to defendants' first Notice, the parties seem to
be of the same view.  As to that Notice and plaintiff's "Response"
thereto, defendants filed their own "response[,]" asserting that
"'suppression' of [their] Supplemental Response" as to the
interrogatories is "unnecessary."  Defs' Resp. (Doc. 133) at 2:12-
13.  Plaintiff, in turn, filed a "Reply" to that Response.  See
Reply (Doc. 135).  To be sure, that is the only "Response"
defendants filed in connection with their supplemental discovery
disclosures.  Even so, there is no prejudice to defendants if the
court deems plaintiff's "Responses in Opposition" to be motions
because, as explained below, the court is denying plaintiff's
requested relief.

### Background

The Rule 16 Scheduling and Discovery Order ("the Rule 16
Order") in this case provides, among other things, for the
completion of discovery, including "supplement[ing] all discovery,
. . . on or before **January 18, 2011.**"  Ord. (Doc. 39) at 2:14 and
16 (emphases in original).  On May 24, 2011, defendants Stansel and
Behrens filed a "Notice of Service of Discovery to Plaintiff"
pertaining to their "*Supplemental* Response to Plaintiff's First

1  Non-Uniform Interrogatories[.]" Not. (Doc. 126) at 15-16; and at
2  22-23 (emphasis in original).

3      Plaintiff challenges service of that supplemental discovery
4  response on procedural and substantive grounds.  Procedurally, he
5  argues that that supplemental response is untimely given the
6  January 18, 2011, discovery cut-off date.  Substantively, plaintiff
7  asserts that defendants are not supplementing their response to his
8  first non-uniform interrogatories, but rather they are "completely
9  chang[ing] their original response[.]" Id.  Plaintiff speculates
10 that defendants made that asserted "change . . . either because
11 [the original response] was false or because it conflicts with
12 statements other, [sic] current ICE [United States Immigration and
13 Customs Enforcement] and EDC [Eloy Detention Center] staff . . .
14 recently made to [him]."  Id.

15     Presuming that plaintiff is referring to Interrogatory No. 1,
16 defendants explain that on May 11, 2011, they received a letter
17 from plaintiff "requesting confirmation of [their] original
18 response" to that interrogatory.  Resp. (Doc. 133) at 1:27-2:1.[1]
19 As defendants explain it, after becoming "aware" of and "agree[ing]
20 with plaintiff as to the need for "clarification[,]" defendants
21 "supplemented their original response" to Interrogatory No. 1.  Id.
22 at 2:2-3.  Arguing that "'suppression'" of this supplemental
23 response is "unnecessary[,]" defendants stress that plaintiff
24 requested that response, which "clarifi[es]" an issue; hence their
25 supplemental response was "appropriate."  Id. at 2:12-13; and at

26

27      [1]      Despite indicating that a copy of plaintiff's letter is attached to
28 defendants' response, it is not.  Plaintiff did include a copy of that letter
   though as exhibit C to his reply.  See Reply (Doc. 135), exh. C thereto.

2:5-6.  Defendants also correctly point out that supplementation of their response was "appropriate and timely pursuant to Fed. R. Civ. P. 26(e), which requires supplementation of interrogatory responses."  Id. at 2:608.  Lastly, defendants contend that if plaintiff believes that their supplemental response to Interrogatory No. 1 is "contrary" to their original response, that is a "credibility" issue, properly left for trial.  Id. at 2:9-10.

In his reply, plaintiff takes issue with defendants' characterization of both their supplemental discovery response and his letter dated May 6, 2011.  As to the former, plaintiff asserts that it was "neither supplemental nor did it clarify anything."  Reply (Doc. 135) at 1.  Rather, from plaintiff's standpoint, that supplemental response "seeks to supersede the original[,]" and "does not even address the subject of the interrogatory[.]"  Id. (citation omitted).  Insofar as plaintiff's May 6th letter is concerned, plaintiff notes, as that letter reflects, that he was "merely request[ing] counsel to confirm whether the original response to the interrogatory was false[.]"  Id. at 2 (citing exh. C thereto).

On June 3, 2011, defendants filed another "Notice of Service" stating that on May 27, 2011, they had served plaintiff with their "Second Supplemental Disclosure Statement[.]"  Id. at 1:19.  Also on that date, June 3, 2011, defendants filed a "Notice of Service" upon plaintiff of their "Third Supplemental Disclosure Statement[.]"  Not. (Doc. 131) at 1:12; and at 1:19.

Plaintiff filed two separate but identical responses to those two Notices.  Plaintiff contends that given the January 18, 2011, discovery deadline, those two supplemental disclosure statements

1   are untimely.  As noted at the outset, plaintiff, therefore,

2   "requests . . . suppress[ion]" of those two statements, and "an

3   Order precluding Defendants from continuing to attempt to re-open

4   discovery in this matter."  Resps. (Docs. 132 and 134) at 2.

5        In the midst of these discovery disputes, after this court

6   granted in part and denied in part defendants' summary judgment

7   motion (Doc. 127), on June 2, 2011, the Honorable Edward C. Voss,

8   United States Magistrate Judge ordered the withdrawal of the

9   reference, indicating "that this matter is now ready for trial."

10  Doc. 129.

11                              ***Discussion***

12  ***I.  Service of Supplemental Discovery Responses***

13       In addition to setting a discovery cutoff date of January 18,

14  2011, the Rule 16 Order herein "remind[s]" the parties that it

15  "governs and supersedes the '30 days before trial' disclosure

16  deadline contained in Fed.R.Civ.P. 26(a)(3)."  Ord. (Doc. 39) at

17  2:16-18, ¶ 6.  In relevant part that Rule 16 order thus states:

18              (1) failure to timely supplement Rule 26(a)
                disclosures, including witnesses and exhibits
19              for trial, (2) failure to timely supplement
                responses to any valid discovery requests,
20              . . . *may* result in the exclusion of such
                evidence at trial[.]"
21

22  Id. at 2:18-3:1 (emphasis added).  Perhaps those provisions form

23  the basis for plaintiff's argument that the court should suppress

24  as untimely defendants' supplemental discovery responses.  That

25  order cannot be read in isolation, however.  It must be read in

26  conjunction with Fed. R. Civ. P. 26(e), which governs supplementing

27  discovery disclosures and responses.  Subsection (1) of that Rule

28  states:

                              - 5 -

> A party who has made a disclosure under
> Rule 26(a) – or who has responded to an interrogatory,
> request for production, or request for admission –
> *must* supplement or correct its disclosure or response:
> (A) in a timely manner *if* the party learns that in some
> material respect the disclosure or response is incomplete
> or incorrect, *and if* the additional or corrective
> information has not otherwise been made known to the
> other parties during the discovery process or in writing;
> or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1) (emphasis added).  Especially given the discretionary language of the Rule 16 Order and the mandatory language of Rule 26(e)(1), the court finds that the two are not at odds.  Thus, because on the record as presently constituted it appears that defendants were fulfilling their continuing obligation to supplement under Rule 26(e)(1), the court denies plaintiff's "motions" to suppress as untimely defendants' supplemental discovery responses.  The court denies those motions without prejudice, however.

Further, the court agrees with defendants that insofar as plaintiff is challenging the substance of their responses to his First Non-Uniform Interrogatories, plaintiff may explore that issue at trial.

## II.  *Proposed Joint Final Pretrial Order*

Because this action is now ready for trial, the court hereby **ORDERS** that plaintiff *pro se* and the attorney or attorneys who will be responsible for the trial of this lawsuit to prepare a proposed Joint Final Pretrial Order and lodge it with the Clerk of the Court no later than six (6) weeks from the filing date of this order.

Although it is plaintiff *pro se*'s responsibility to ensure that the proposed Joint Final Pretrial Order is properly prepared and timely lodged, defendants shall cooperate with plaintiff *pro se*

1  to ensure that such Order is properly prepared and timely lodged.

2  That proposed Joint Final Proposed Pretrial Order shall be signed

3  by plaintiff *pro se* and defense counsel.  Plaintiff *pro se* may

4  authorize defense counsel to sign on his behalf.

5       The content of the proposed Joint Final Pretrial Order shall

6  include, but is not limited to, that prescribed in the form of the

7  proposed Joint Final Pretrial Order attached hereto.

8       Pursuant to Fed. R. Civ. P. 16(d) and 37(c), the court will

9  not allow the parties to modify the Joint Final Pretrial Order or

10 introduce at trial any exhibits, witnesses, or other information or

11 to make any objections to exhibits that were not previously

12 specified and/or disclosed as directed by the Court in the Joint

13 Final Pretrial Order, except to prevent manifest injustice.

14 Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005).

15      After the lodging of the signed proposed Joint Final Pretrial

16 Order, at a date to be set by the court, the parties shall

17 participate telephonically in a Pretrial Conference to discuss that

18 Proposed Order.  Following that Pretrial Conference, the court will

19 issue the Final Pretrial Order and set a trial date for this

20 action.

21      In light of the foregoing, the court hereby denies as moot

22 "Defendants [sic] Motion for Extension of Time to File Proposed

23 Joint Pretrial Order" (Doc. 138).[2]

24      For the reasons set forth above, **IT IS ORDERED** that:

25      (1) "Plaintiff's Response in Opposition to Defendants'

26

27      [2]    As an aside, the court observes that this motion was not necessary because, despite what defendants contend, the July 26, 2010, Rule 16 Scheduling and

28 Discovery Order did not include a time frame for filing the Proposed Joint Pretrial Order.

Supplemental Response to Plaintiff's First Non-Uniform Interrogatories" (Doc. 128), which the court deems to be a motion to suppress, is **DENIED** without prejudice;

(2) "Plaintiff's Response in Opposition to Defendants' Second Supplemental Disclosure Statement" (Doc. 132), which the court deems to be a motion to suppress, is **DENIED** without prejudice;

(3) "Plaintiff's Response in Opposition to Defendants' Third Supplemental Disclosure Statement" (Doc. 134), which the court deems to be a motion to suppress, is **DENIED** without prejudice;

(4) "Defendants [sic] Motion for Extension of time to File Proposed Joint Pretrial Order" (Doc. 138) is **DENIED** as moot; and

(5) the parties shall lodge a Proposed Joint Final Pretrial Order in accordance herewith by no later than six (6) weeks from the filing date of this order.

DATED this 24th day of June, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

- 8 -

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8             FOR THE DISTRICT OF ARIZONA

9

10

11

12  RICHARD STEVEN REISS,          )
                                   )
13              Plaintiff,         )
                                   )         CIV 09-1760 PHX RCB
14                                 )
          vs.                      )         FINAL PRETRIAL ORDER
15                                 )
    KARL STANSEL, et al.,          )
16                                 )
                Defendants,        )
17  _____)

18

19        This Final Pretrial Order supersedes the pleadings and

20  shall govern the trial and further proceedings in this case.

21        A.   STATEMENT OF JURISDICTION.  Cite the statute(s) which

22             gives this Court jurisdiction:

23             (example - Jurisdiction in this case is based on
               diversity of citizenship under Title 28
24             U.S.C. §1332.)

25        B.   NATURE OF ACTION.  Provide a concise statement of

26  the type of case, the cause of the action, and the relief

27  sought:

28                (example - This is a products liability case wherein

the plaintiff seeks damages for personal injuries
sustained when he fell from the driver's seat of the
forklift. The plaintiff contends that the forklift was
defectively designed and manufactured by the defendant
and the defects were a producing cause of his injuries
and damages.)

C.   CONTENTIONS OF THE PARTIES.  With respect to each
count of the complaint, counterclaim or cross-claim, and to any
defense, affirmative defense, or the rebuttal of a presumption
where the burden of proof has shifted, the party having the
burden of proof shall list the elements or standards that must be
proved in order for the party to prevail on that claim or
defense:

(example - In order to prevail on this products
liability case, the plaintiff, must prove the following
elements...)

example - In order to defeat this products liability
claim based on the statute of limitations or repose,
the defendant must prove the following elements...

D.   STIPULATION AND UNCONTESTED FACTS

E.   CONTESTED ISSUES OF FACT AND LAW (See and refer to
     subpart C above)

F.   LIST OF WITNESSES.  Include or separately attach a
list(s) of witnesses, identifying each as either plaintiff's or
defendants' witnesses and indicating whether the witness is a
fact or expert witness.

G.   LIST OF EXHIBITS.  Include or separately attach a
list(s) of numbered exhibits, identifying each as either
plaintiff's or defendants', with a description of each containing
sufficient information to identify the exhibit, indicating
whether there is an objection to its admission and, if so, the
nature of the objection(s) anticipated.  The actual exhibits must

1  be later marked according to instructions which will be provided

2  at the final pre-trial conference.

3      H.   LIST OF DEPOSITIONS.  Include or separately attach

4  those portions of depositions that will be read at trial by each

5  party listed by page and line number, whether there is an

6  objection to each passage and, if so, the nature of the

7  objection.

8      I.   MOTIONS IN LIMINE.  Motions in Limine are intended

9  to encompass only significant evidentiary issues and are

10 generally discouraged.  Such motions, if allowed,

11 shall be filed by _____, 20__.  Any responses

12 shall be filed by _____, 20__.  No replies may be

13 filed without permission of the court.  Motions in Limine are

14 deemed submitted without argument.

15     J.   LIST OF ANY PENDING UNRULED UPON MOTIONS

16     K.   PROBABLE LENGTH OF TRIAL

17                   For a Bench Trial

18     L.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

19 shall be simultaneously filed by _____,

20 20__.

21                    For a Jury Trial

22     M.   INSTRUCTIONS.  The parties shall seek to stipulate

23 to jury instructions and any stipulated jury instructions shall

24 be filed _____, 20__.  Instructions

25 which are not agreed upon shall include citation to authority

26 which shall not exceed one page per instruction and shall be

27 filed by _____, 20__.  Objections to

28 any non-agreed upon instruction shall include citation to

- 3 -

1    authority which shall not exceed one page per instruction and may

2    be filed by _____, 20__.

3         N.    VOIR DIRE QUESTIONS.  Any proposed voir dire questions

4               shall be filed by _____, 20__.

5         O.    CERTIFICATIONS.  Plaintiff, pro se, and defense counsel

6               in this action do hereby certify and acknowledge the

7               following:

8               1.  All discovery has been completed.

9               2.  The identity of each witness has been disclosed

10   to plaintiff, pro se, and defense counsel.

11              3.  Each exhibit listed herein (a) is in existence;

12   and (b) has been disclosed and shown to plaintiff, pro se, and

13   defense counsel.

14   APPROVED AS TO FORM AND CONTENT:

15

16   _____         _____

17   Plaintiff, pro se                Attorney for Defendants

18

19        THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED AND TRIAL IS

20   SET FOR _____, 20__ AT 9:00 A.M., COURTROOM 606,

21   Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 W.

22   Washington St., Phoenix, Arizona; COUNSEL SHALL APPEAR AT 8:30

23   A.M.

24        DATED this _____ day of _____, 2011.

25

26

27              _____

28              ROBERT C. BROOMFIELD
                SENIOR UNITED STATES DISTRICT JUDGE