**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RICHARD STEVEN REISS, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 09-1760-PHX-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| KARL STANSEL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se*, Richard Reiss, currently has two motions pending before the court: (1) a "Renewed Motion for Appointment of Counsel" (Doc. 145); and (2) a "Request for Further Extension of Time to Submit Proposed Joint Final Pretrial Order ["JFPO"] (Doc. 149). Defendants Karl Stansel and Niles Behrens oppose the former, but not the latter.

In that first motion, plaintiff is seeking appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) to represent him in the trial of this matter. That statute authorizes a court, in its discretion, to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (West 2006). Alternatively, if the court denies that relief, plaintiff

1  "requests" appointment of counsel "at least[] in any advisory
2  capacity to assist and advise him[]" during the trial.  Mot. (Doc.
3  145) at 2.  Plaintiff bases this motion on his unfamiliarity with
4  civil trials and his limited access to legal research resources.
5      As defendants accurately point out, nothing has changed since
6  April 16, 2010, when the Honorable Edward C. Voss, United States
7  Magistrate Judge, denied plaintiff's original motion for
8  appointment of counsel.  In denying that motion, the Magistrate
9  Judge held that plaintiff did not satisfy the exceptional
10 circumstances of section 1915(e)(1) because he could not show "a
11 likelihood of success on the merits[;]" nor could he show "an
12 inability to articulate his claims in light of the complexities of
13 the issues."  Ord. (Doc. 26) at 2:24-25; and 2:21-22.  In fact, to
14 the contrary, the Magistrate Judge stated that "[p]laintiff's
15 filings establish that he is fully capable of presenting his
16 claims."  Id. at 2:22-23.
17     That rationale is equally if not more compelling now.  Since
18 that order denying counsel, as defendants point out, "[p]laintiff
19 has litigated this matter on his own through the summary judgment
20 stage, even surviving summary judgment on several claims."  Resp.
21 (Doc. 151) at 3:10-11.  That fact further undermines plaintiff's
22 suggestion that appointment of counsel is necessary because of a
23 purportedly insufficient law library at the Eloy Detention Center.
24 In short, now as then, plaintiff has not made the requisite showing
25 of exceptional circumstances so as to warrant appointment of trial
26 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Nor, on this record,
27 does the court find that plaintiff is entitled to the appointment
28 of "advisory" counsel during the trial of this matter.  Thus, in

all respects, the court denies plaintiff's motion for appointment of counsel.

As to plaintiff's request for further extension of time to submit a JFPO, defendants do not oppose that request, "if the Court is inclined to grant one[]" which it is.  See Resp. (Doc. 153) at 1:24-26.  In so doing, the court stresses, however, that it is *not* granting this motion based upon plaintiff's allegations that defendants have been uncooperative in preparing the proposed JFPO. If anything, it appears on this record that it is plaintiff Riess who may have been less than totally cooperative.  In any event, in the interest of justice, the court will grant plaintiff an extension of time.  Plaintiff Reiss shall have fourteen (14) days from the date of entry of this order in which to file his portions of the JFPO.

For the reasons set forth above, the court hereby ORDERS that:

(1) "Plaintiff's Renewed Motion for Appointment of Counsel" (Doc. 145) is DENIED in all respects; and

(2) Plaintiff's "Request for Further Extension of Time to Submit Proposed Joint Final Pretrial Order" (Doc. 149) is GRANTED; and

(3) Plaintiff shall file and serve his portions of the Proposed Joint Final Pretrial Order no later than fourteen (14) days from the date of entry of this Order.

DATED this 9th day of September, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

- 4 -