**WO**                                                                                                   SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Steven Riess, | ) | No. CV 09-1760-PHX-RCB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Karl Stansel, et al., | ) | |
| Defendants. | ) | |

In this civil rights action brought by a former Immigration and Customs Enforcement (ICE) detainee held at the Eloy Detention Center (EDC), the remaining Defendants—Karl Stansel and Niles Behrens—move to dismiss for lack of prosecution. (Doc. 157.) The Court will grant the Motion to Dismiss for Failure to Prosecute and the Motion for Ruling. (Doc. 158.)

**I.    Background and Motion to Dismiss for Failure to Prosecute**

On May 24, 2011, the Court issued an Order denying in part Defendants' Motion for Summary Judgment; the Court held that Plaintiff's remaining claims are the free exercise and equal protection claims for damages and injunctive relief regarding denial of a kosher diet, denial of access to the chapel, and denial of a Torah and Siddur. (Doc. 127.) The Court directed the parties to file their Proposed Joint Pretrial Order. (Doc. 139.) Defendants filed their Order on August 5, 2011. (Doc. 146.) Defendants assert that on August 31, Plaintiff was transferred into ICE's custody and deported by ICE to Canada. (Doc. 157 at 1.) On

1  September 9, 2011, the Court granted Plaintiff a 14-day extension of time to file his Proposed
2  Joint Pretrial Order. (Doc. 155.) On September 15, mail from the Court was returned as
3  undeliverable, noting that Plaintiff was no longer in custody. (Doc. 156.) Defendants filed
4  their Motion to Dismiss on October 7, 2011. (Doc. 157.)

5  Defendants assert that Plaintiff has failed to provide a forwarding address as required
6  by the Court's Order of April 9, 2010 and Local Rule of Civil Procedure 83.3(d) and failed
7  to provide his portions of the Proposed Joint Pretrial Order. (Doc. 157 at 2; ref. Doc. 25.)
8  They argue that he has unreasonably delayed this matter and that they should not be required
9  to continue to prepare for trial because Plaintiff has abandoned his case and acted in bad faith.
10 They ask that the case be dismissed with prejudice. (Id.)

11 Plaintiff filed no response and no Notice of Change of Address.

12 **II.     Failure to Prosecute**

13 Plaintiff has the general duty to prosecute this case. See Fidelity Phila. Trust Co. v.
14 Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of
15 a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current
16 address and to comply with the Court's orders in a timely fashion. The Court does not have
17 an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden
18 of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d
19 1439, 1441 (9th Cir. 1988); see also LRCiv 83.3(d). Plaintiff's failure to keep the Court
20 informed of his new address constitutes a failure to prosecute.

21 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
22 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
23 move for dismissal of an action." Rule 7.2 (i) of the Local Rules of Civil Procedure provides
24 that if an unrepresented party or counsel does not serve and file a required answering
25 memorandum, such non-compliance with the Rule "may be deemed a consent to the denial
26 or granting of the motion and the Court may dispose of the motion summarily." See also
27 Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not
28

1 abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule
2 where *pro se* plaintiff had time to respond to the motion but failed to do so). As noted,
3 Plaintiff has filed no response to the motion to dismiss.

4 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
5 the Court must weigh the following five factors: "(1) the public's interest in expeditious
6 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
7 the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
8 availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
9 1986). "The first two of these factors favor the imposition of sanctions in most cases, while
10 the fourth factor cuts against a default or dismissal sanction. Thus the key factors are
11 prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th
12 Cir. 1990).

13 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
14 to cooperate with pretrial procedures impedes the expeditious resolution of this case and
15 prejudices Defendants' preparation for trial, as does his failure to keep the Court and
16 Defendants apprised of his address. The fourth factor, as always, weighs against dismissal.
17 The fifth factor requires the Court to consider whether a less drastic alternative to dismissal
18 is available. But the Court need not exhaust every sanction short of dismissal before finally
19 dismissing a case. See Henderson, 779 F.2d at 1424. For example, if the Court were to order
20 Plaintiff to show cause why dismissal were not warranted, the Order "would only find itself
21 taking a round trip tour through the United States mail." Carey, 856 F.2d at 1441.

22 Because Plaintiff has failed to prosecute this action, the Court will dismiss his action
23 without prejudice.

24 **IT IS ORDERED:**

25   (1) Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 157) is **granted**.
26   (2)  Defendants' Motion for a Ruling (Doc. 158) is **granted**.
27 . . .
28

(3) This action is dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 16th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -